[Civ. No. 20230. Second Dist., Div. Two. Sept. 29, 1954.]

HECTOR OLIVAS, Appellant, v. WILLIAM M. WEINER, Respondent.

598

C. C. Dillavou for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Lloyd S. Davis, Deputy County Counsel, for Respondent.

FOX, J.—This is an action for damages for malpractice growing out of defendant's attendance upon plaintiff's birth on December 1, 1931. Plaintiff filed his complaint on June 23, 1953. Defendant's demurrer was sustained without leave to amend. Plaintiff appeals from the ensuing judgment of dismissal.

This case turns upon the interpretation and application of section 29 of the Civil Code.* Plaintiff contends that the six-year limitation specified in the amendment, within which to bring such an action, does not apply to him since it was added some 10 years after he was born, at which time the alleged negligent injury occurred; that it applies only to causes of action that arose after the amendment became effective. Defendant, however, argues that it was the purpose and intention of the Legislature to fix a six-year statute of limitation within which to bring such a suit and that it applies to

---

*That section reads as follows, the italicized portion having been added in 1941:

"A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; *but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action.*"

both future and accrued causes of action. Hence the time limitation applies to plaintiff's case and his cause of action is barred. Defendant's position must be sustained.

■ Fixing the time within which particular rights must be asserted is a matter of legislative policy. In pursuance of such policy the Legislature in 1941 amended section 29 to provide that an action authorized by that section, such as the instant case, must be brought within six years from the date of the birth of the child. In this connection it should be noted that in July, 1939, the District Court of Appeal, in *Scott* v. *McPheeters,* 33 Cal.App.2d 629 [92 P.2d 678, 93 P.2d 562], sustained the right of an 11-year-old child to maintain an action such as this and stated that ''The statute of limitations does not run against such an action until the child arrives at the age of majority [p. 631].'' It was at the next regular session of the Legislature that the six-year limitation was added to the section. ■ The problem was undoubtedly brought into legislative focus by the decision in the Scott case, *supra,* and that decision ''may properly be considered as bearing upon the legislative intent and purpose in the adoption'' of the amendment. (*Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 231 [273 P.2d 5].) ■ The very fact that the section was amended ''demonstrated an intent to change the pre-existing law.'' (*People* v. *Weitzel,* 201 Cal. 116, 118 [255 P. 792, 52 A.L.R. 811].) The Legislature undoubtedly concluded that to permit such an action to be filed up to 22 years after the child's birth, i.e., within one year after it reached majority, placed an unreasonable burden upon the defendant to locate witnesses and to produce evidence in defense of the charges after the lapse of such a long period. The Legislature decided that six years was a reasonable time within which to bring such an action.

■ The question then arises, does the amendment apply to causes of action that had already accrued? The answer must be in the affirmative since the reasons for such a time limitation are even more cogent, because in all such cases more than six years would have elapsed between the accrual of the cause of action and the running of the statute. In the instant case such period was almost 16 years. Thus the problem of locating witnessees and assembling evidence would be correspondingly more difficult. Here, however, if plaintiff's position is to be sustained the defendant would be required to defend a charge of malpractice which occurred

more than 21½ years ago. The Legislature immediately recognized the seriousness of the problem following the *Scott* v. *McPheeters* decision and proceeded to correct the situation. In the light of these circumstances it is inconceivable that the Legislature intended that the six-year limitation which it added to section 29 should apply only to persons born after the enactment of the amendment and thus allow the problem with respect to accrued causes to become more acute by lapse of time. If six years was a reasonable time within which to sue for future injuries (and it undoubtedly was), it was all the more ample for those that had previously occurred. ■ It should therefore apply to both situations, for such construction is in harmony with the rule that "Where a statute is susceptible of two constructions, the one which leads to the more reasonable result will be followed." (*Clements* v. *T. R. Bechtel Co., supra.*) ■ It has repeatedly been held that the Legislature may reduce a statute of limitations and that the new period applies to accrued causes of action provided a reasonable time is allowed within which to assert the cause. (*Estate of Whiting*, 110 Cal.App. 399 [294 P. 502]; *Estate of Venners*, 119 Cal.App. 417, 419 [6 P.2d 544]; *Thompson* v. *County of Los Angeles*, 140 Cal.App. 73, 76 [35 P.2d 185]; *Norton* v. *City of Pomona*, 5 Cal.2d 54, 65 [53 P.2d 952]; *Kline* v. *San Francisco U. Sch. Dist.*, 40 Cal. App.2d 174, 176 [104 P.2d 661, 105 P.2d 362]; *Scheas* v. *Robertson*, 38 Cal.2d 119, 125 [238 P.2d 982]; *Crothers* v. *Edison Elec. Co.*, 149 F. 606; *Terry* v. *Anderson*, 95 U.S. 628 [24 L.Ed. 365].)

Plaintiff argues that the amendment operates retrospectively because it starts the time running from the date of his birth, viz., December 1, 1931, and therefore purports to cut off his right of action immediately upon its passage; hence it is invalid as to him. Since, under most circumstances, such a result would be unconstitutional and, in any event, harsh and unreasonable, "It will be presumed that such was not the intent of the legislature." (*Sohn* v. *Waterson*, 17 Wall. (U.S.) 596, 599 [21 L.Ed. 737].) ■ Statutes are presumed to operate prospectively. (See Civ. Code, § 3, and Code Civ. Proc., § 3. ■ This amendment is no exception to such rule. Anyone having a right of action under the statute had six years after the amendment became effective within which to file his complaint. ■ A statute is not made retroactive merely because it draws upon facts existing prior to its enactment. ■ Thus changes in procedural

law have been held applicable to existing causes of action. The effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future. (*National Auto. & Cas. Ins. Co.* v. *Downey,* 98 Cal.App.2d 586, 590 [220 P.2d 962]; *Arques* v. *National Superior Co.,* 67 Cal.App.2d 763, 778 [155 P.2d 643]; *Earle* v. *Froedtert Grain & Malting Co.,* 197 Wash. 341 [85 P.2d 264].)

In his reply brief plaintiff points out that the statute speaks of a child "not yet born" and "subsequent birth." He contends this phraseology indicates that the limitation of time applies only to actions accruing after the amendment. This argument is specious. The quoted language was in the statute when originally adopted and was used to define the class of persons to which it applied.

Plaintiff relies on *Bank of America* v. *Dennison,* 8 Cal. App.2d 173 [47 P.2d 296]. That case is not here applicable because the specific language used in the amendments makes it unmistakably clear that they applied only to sales made after the amendments became effective. For an analysis of the decision in that case see *Birkhofer* v. *Krumm,* 27 Cal. App.2d 513, 528-529 [81 P.2d 609].

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 15, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.