[Civ. No. 9738. Fourth Dist., Div. One. May 18, 1970.]

ORA LEE FULLER, Plaintiff and Appellant, v.
GOODYEAR TIRE AND RUBBER COMPANY, Defendant and
Respondent.

## COUNSEL

Mestad & Sanborn and John B. Mestad for Plaintiff and Appellant.

Gibson, Dunn & Crutcher and John H. Sharer for Defendant and Respondent.

## Opinion

**BROWN (Gerald), P. J.**—Plaintiff, Ora Lee Fuller, appeals from a summary judgment entered in favor of defendant, Goodyear Tire and Rubber Company. Her pleadings allege she was a guest passenger in a Volkswagen automobile when the car struck a hole in the pavement and the right rear tire came off the wheel causing the car to overturn and strike a power pole. In her brief plaintiff describes herself as a quadriplegic as a result of the injuries she suffered in the accident.

Plaintiff's complaint states Goodyear "negligently and carelessly manufactured, assembled, supplied, serviced, tested, inspected and sold" the Volkswagen's tire and the tire was "defective and improperly assembled, designed, tested and inspected"; the defendant "carelessly and negligently failed to discover said defects of design, materials and workmanship."

Goodyear answered the complaint with a general denial and raised defenses of contributory negligence and assumption of the risk. It filed a motion for summary judgment supported by declarations and opposed by a counterdeclaration of plaintiff's attorney.

■ The validity of the summary judgment is governed by the sufficiency of Goodyear's declarations filed in support of its motion. Those declarations must furnish support covering every element required to establish Goodyear's defense. This is true though plaintiff presents no countershowing or an inadequate one. (*Johnson* v. *Drew,* 218 Cal.App.2d 614, 620 [32 Cal.Rptr. 540].)

The defense Goodyear sought to establish was that the tire involved in the accident was not defective.

B. A. Robinson declared he was an engineer employed by Goodyear as an engineer in its development department, analyzing tire products and helping develop new and experimental tire products. He conducted a "detailed examination" of the tire and noted two areas of heavy abrasion to the bead of the tire and a generally heavily chafed rim flange area which he attributed to impact or impacts with the pavement during an automobile accident. He concluded the loss of contained air in the tire was caused by an "unusual external force" or by a bending of the wheel rim. Declarant Robinson concludes his statement with, "There are no defects in the tire workmanship or materials."

Harold M. Straub declared he also worked for B. F. Goodrich Company in

various capacities but principally in tire construction and design which he managed for about nine years. Since 1965 he has occasionally engaged in tire inspection work privately. Straub examined the tire, finding the same chafing and abrasions found by Robinson which he felt were "caused in all probability by the impact or impacts at the time of the accident." The bead was not broken or separated from the cords. He found no indication of defective materials or manufacture in the tire. Declarant Straub concludes: "Based upon my examination and my experience in the examining of tires, I would conclude that the bead chafing did not cause a loss of air in the tire. The absence of damage to the innerliner and tread indicates that the tire did not go flat prior to the damage to it and that in fact it contained air through most of the skid period apparently suffered by it. In my opinon there is no defect in this tire."

■ Both Goodyear employees' declarations are deficient for failure to specify where they were executed (Code Civ. Proc., § 2015.5). Plaintiff has, however, waived those technical defects by failing to object (*People* v. *United Bonding Ins. Co.,* 240 Cal.App.2d 895 [50 Cal.Rptr. 198]).

■ The declarations of Robinson and Straub do not sufficiently support the summary judgment because they do not negative defective design as a basis for negligence or strict liability (*Pike* v. *Frank G. Hough Co.* (1970) 2 Cal.3d 465 [85 Cal.Rptr. 629, 467 P.2d 229]). ■ It is the defendant's burden on its motion for summary judgment to negate the matters which the plaintiff will bear the burden of proving at the trial (*Barnes* v. *Blue Haven Pools,* 1 Cal.App.3d 123, 127 [81 Cal.Rptr. 444]).

■ A more fundamental deficiency in Goodyear's supporting declarations is that both rely for their effect upon conclusions and opinions of the declarants. ■ Ordinarily, affidavits or declarations which set forth only conclusions, opinions or ultimate facts are insufficient (*Kramer* v. *Barnes,* 212 Cal.App.2d 440, 446 [27 Cal.Rptr. 895]). The reason is the sufficiency of an affidavit or declaration is to be tested by whether the affiant or declarant could be charged with perjury if any of his material allegations proved false. An affidavit or declaration stating opinions and conclusions would not come within this rule (*People* v. *Thompson,* 5 Cal.App.2d 655, 664 [43 P.2d 600]). Goodyear's reliance on the federal case of *Markwell* v. *General Tire & Rubber Co.,* 367 F.2d 748, where a summary judgment based upon expert opinion was affirmed, is misplaced. The federal procedure for summary judgment places a greater burden on the resisting party than does the California procedure. (See Fed. Rules

Crim. Proc., rule 56(e); *Markwell* v. *General Tire & Rubber Co., supra,* 367 F.2d 748, 750.)

Judgment reversed.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied June 1, 1970, and respondent's petition for a hearing by the Supreme Court was denied July 16, 1970.