[Civ. No. 53064. Second Dist., Div. Three. Mar. 27, 1979.]

MARTIN J. SEGURA, a Minor, etc., Plaintiff and Appellant, v.
FRANKLIN BRUNDAGE et al., Defendants and Respondents.

## COUNSEL

Thomas T. Anderson, James W. Parkinson and Steven J. Weinberg for Plaintiff and Appellant.

Kirtland & Packard and Robert C. Baker for Defendants and Respondents.

## OPINION

**POTTER, Acting P. J.**—Plaintiff, Martin J. Segura, appeals from the summary judgment in favor of defendants Franklin Brundage, M.D., and A. J. DeGasis, M.D., in his action for damages for personal injuries allegedly caused by their medical malpractice. The complaint, filed July 19, 1974, alleged that defendants were employed "as said plaintiff's physicians to treat said plaintiff professionally and specifically, said treatment was to accomplish the birth of plaintiff MARTIN J. SEGURA." The time of the alleged services was stated as "from and after Dec[ember] 23, 1966," thus disclosing that the suit was not commenced until more than six years after plaintiff's birth.

Defendants demurred to the complaint upon the ground that it disclosed the plaintiff's injuries were prenatal and that the action was

therefore barred by the provisions of Civil Code section 29.[1] The demurrer was sustained with leave to amend. Plaintiff filed a first amended complaint which sought to avoid the bar of Civil Code section 29 by alleging that his parents were "unaware of the cause and nature of the injury sustained" by virtue of defendants' failure to advise them "of the facts surrounding the negligent, unskillful, and erroneous treatment giving rise to the injury. . . ."

The sufficiency of the allegations of the amended complaint to toll the operation of section 29 was challenged by a second demurrer upon the grounds that (1) the bar of Civil Code section 29 is not subject to being tolled by nondiscovery, and (2) in any event, the amended complaint does not state "when the parents allegedly became aware of the alleged negligent and erroneous treatment." Defendants cited no authority for the proposition stated in ground (2), though ample such authority was available to them.[2] As a result, the demurrer was overruled, and defendants answered.

Defendants' motion for summary judgment was filed May 27, 1977. It was accompanied by a memorandum of points and authorities attaching excerpts from the deposition testimony of Merrill Martin Becker, M.D., and of Frankie Lee Mott. The notice, however, also referred to and based the motion upon "the pleadings and records on file herein, the deposition testimony of MERRILL MARTIN BECKER, M.D., and FRANKIE LEE MOTT, and the Memorandum of Points and Authorities in support thereof, . . ." At the time this reference was made, the deposition of Merrill Martin Becker, M.D., was on file with the court, having been filed May 24, 1977. No affidavits or declarations were filed by defendants in support of the motion.

---

[1]Civil Code section 29 provides: "A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action."

[2]In *Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 356 [138 Cal.Rptr. 20], this court said: "In order to properly raise the issue of belated discovery, the plaintiff must state in his complaint when the discovery was made, the circumstances surrounding the discovery, and facts which show that the failure to make an earlier discovery was reasonable, justifiable and not a result of plaintiff's failure to investigate or to act. (*Weinstock* v. *Eissler, supra,* at pp. 227-228; *Mock* v. *Santa Monica Hospital,* 187 Cal.App.2d 57, 64-65 [9 Cal.Rptr. 555]; *Myers* v. *Stevenson,* 125 Cal.App.2d 399, 403 [270 P.2d 885].)"

An examination of the deposition of Dr. Becker[3] discloses that it contains a full statement of his qualifications as a board certified physician and surgeon specializing in obstetrics and gynecology. Such examination also discloses that he stated his unequivocal medical opinion that "if, in fact, there was damage to the child, that that damage was caused . . . during the course of the birth of the child." A full statement of the doctor's reasons for this opinion was also given. This testimony of Dr. Becker was relied upon by defendants to establish that the applicable statute of limitations was Civil Code section 29.

Excerpts from the deposition of Frankie Lee Mott were relied upon only to show that Mott had no present recollection of plaintiff's postnatal condition and the treatment given him at the hospital.

Plaintiff did not file any written opposition to the motion for summary judgment. The court minutes do reflect the attendance of plaintiff's counsel at the oral hearing which was not reported. The order sustaining the motion recited: "Motion granted. A review of all papers filed herein establishes there are no triable issues of material fact existing as to these parties; that the action of plaintiff has no merit as to these moving defendants and moving parties are entitled to judgment as matter of law. Counsel for moving party to give notice and prepare judgment."

Thereafter, on July 6, 1977, a summary judgment in favor of defendants was entered.

### Contentions

Plaintiff contends that the summary judgment was erroneously granted because defendants' showing did not eliminate all issues of fact bearing upon the applicability and operation of Civil Code section 29, and in particular that (1) defendants did not adequately demonstrate that plaintiff's suit was for prenatal injuries, and (2) defendants made no showing whatever on the pleaded issue of delayed discovery tolling commencement of the statutory period.

Defendants contend that the uncontradicted testimony of Dr. Becker establishes that plaintiff's suit is for prenatal injuries and that no genuine issue as to deferred discovery appears because (1) the six-year period

---

[3]Pursuant to California Rules of Court, Rules on Appeal, rule 12(a), the entire superior court file, including the depositions, has been transmitted to this court and made a part of the record on this appeal.

established by Civil Code section 29 is not subject to being tolled by belated discovery, and (2) plaintiff did not, in any event, make any showing of belated discovery.

*Discussion*

*Summary*

Defendants showed by uncontradicted evidence that plaintiff's claim was for prenatal injuries; consequently, the applicable statute of limitations is Civil Code section 29. However, contrary to defendants' contention, the six-year limitation of said section is, in malpractice cases, tolled until the plaintiff's parents either discover or, in the exercise of reasonable diligence should discover, the negligent cause of his injury. In order to be entitled to a summary judgment, defendants were required to make a showing that there was no genuine issue of fact with respect to discovery. They failed to do so; consequently, the judgment must be reversed.

■ *The Action Was for Prenatal Injuries and Subject to the Limitation of Civil Code Section 29*

There was no genuine issue as to the nature of plaintiff's action. Both the original and the amended complaint alleged that the services rendered by defendants were "specifically . . . to accomplish the birth of plaintiff." Though conceivably a doctor so employed could have negligently caused injury to plaintiff after the birth was completed, the deposition testimony of Dr. Becker flatly negated this possibility. Plaintiff made no attempt to controvert this showing. The opinion was competent opinion evidence by a fully qualified expert with a full statement of his reasons. The fact that defendants chose to excerpt and to attach to their points and authorities only a portion of this testimony did not limit the effect of the general reliance on such depositions stated in the motion.

We, therefore, conclude that the applicable statute of limitations was Civil Code section 29.

■ *The Six-year Limitation of Civil Code Section 29 Is Subject to Being Tolled by Delayed Discovery*

Defendants claim that the six-year limitation stated in Civil Code section 29 is absolute. They acknowledge that *Myers* v. *Stevenson* (1954) 125 Cal.App.2d 399 [270 P.2d 885], reached a contrary conclusion but construe *Olivas* v. *Weiner* (1954) 127 Cal.App.2d 597 [274 P.2d 476], as

supporting their position and distinguish *Myers* on the basis that in that case the doctor-patient relationship continued during the period of nondiscovery.

The decision in *Myers* is not questioned by *Olivas* and cannot be construed as narrowly as defendants contend. It is true that in *Myers* the doctor-patient relationship had continued to a date within six years of the filing, and this was noted as one basis for the ruling. In this respect, the court cited *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 [57 P.2d 908], and said (125 Cal.App.2d at pp. 401-402): "The cases uniformly since this decision have followed the rule that while the physician-patient relation continues the plaintiff is not ordinarily put on notice of the negligent conduct of the physician upon whose skill, judgment and advice he continues to rely. (*Trombley* v. *Kolts,* 29 Cal.App.2d 699 [85 P.2d 541]; *Petrucci* v. *Heidenreich,* 43 Cal.App.2d 561 [111 P.2d 421]; *Ehlen* v. *Burrows,* 51 Cal.App.2d 141 [124 P.2d 82]; *Greninger* v. *Fischer,* 81 Cal.App.2d 549 [184 P.2d 694].) If this rule is applicable to the six year limitation of section 29, Civil Code, the allegation that defendant Stevenson continued to treat plaintiff 'until on or about . . . May, 1946,' with the further allegation of lack of knowledge of the cause of plaintiff's injuries during that period would bring the action as to defendant Stevenson fairly within this rule."

However, much more was said on the subject of delayed discovery; the court added (*id.,* at p. 402): "It is a *further settled rule* in malpractice cases that the statute of limitations only starts to run from the date of discovery of, or the date when by the exercise of reasonable diligence the plaintiff should have discovered, the wrongful act. (*Huysman* v. *Kirsch, supra,* 6 Cal.2d 302; *Costa* v. *Regents of University of California,* 116 Cal.App.2d 445 [254 P.2d 85]; *Agnew* v. *Larson,* 82 Cal.App.2d 176 [185 P.2d 851]; *Bowman* v. *McPheeters,* 77 Cal.App.2d 795 [176 P.2d 745]; *Pellett* v. *Sonotone Corp.,* 55 Cal.App.2d 158 [130 P.2d 181]; *Faith* v. *Erhart,* 52 Cal.App.2d 228 [126 P.2d 151].) This rule has just been reaffirmed by the Supreme Court in *Stafford* v. *Schultz,* 42 Cal.2d 767 [270 P.2d 1] (opinion filed May 11, 1954)." (Italics added.)

The court further explained that this rule is applicable to an infant and refers to "the lack of knowledge of, and discovery by, the parents . . . ." (*Id.,* at p. 403.) More significantly, the court carefully analyzed the legislative language and after quoting section 29, italicizing the last clause, stated (*id.,* at pp. 406-407):

"The emphasized provision is unnecessary and superfluous if the Legislature intended the limitation as a condition of the right. It is only meaningful if the Legislature intended the limitation as a procedural one which would be subject to all of the conditions which would operate to extend the time of suit unless those conditions, or some of them, were specially excluded. The applicable rule of statutory construction is thus stated in *San Francisco v. Pacific Tel. & Tel. Co.*, 166 Cal. 244, 251 [135 P. 971]: 'The fact, however, that it was thought necessary to embody a proviso saving such payments from the effect of preceding language affords persuasive indication that, in the view of the framers of the amendment, such language, by itself, would have covered the excepted payments. This is the well-settled rule for construing provisos and exceptions. "Where there is a prohibition, grant or regulation in general words, and a saving of particular things, there is a strong implication that what is excepted would have been within the purview if it had not been excepted; and thus the purview may be made more comprehensive than it would otherwise have been." (2 Lewis's Sutherland Statutory Construction, § 351; *Wayman v. Southard,* 10 Wheat. (U.S.) 30 [6 L.Ed. 253]; *Thaw v. Ritchie,* 136 U.S. 519, 541, 542 [34 L.Ed. 531, 10 S.Ct. 1037].) By specially excepting payments in the nature of licenses from the effect of the amendment, the framers evidenced their intention to put licenses other than those covered by the proviso within the operation of the language preceding the proviso.'

"There is another rule of statutory construction which leads equally to the same conclusion. 'If a statute specifies one exception to a general rule . . . other exceptions . . . are excluded.' (23 Cal.Jur., Statutes, § 118, p. 741; *Collins v. City & County of San Francisco,* 112 Cal.App.2d 719, 731 [247 P.2d 362]; *Sterling Drug, Inc. v. Benatar,* 99 Cal.App.2d 393, 397-398 [221 P.2d 965]; *Rothschild v. Superior Court,* 109 Cal.App. 345, 348 [293 P. 106].) Having expressly provided that the disabilities mentioned in Code of Civil Procedure, section 352, i.e., infancy, insanity etc., shall not extend the statute the Legislature under this rule, [h]as plainly indicated that other recognized legal grounds for extending the statute should be operative.

"We conclude that the time limitation contained in section 29 was intended by the Legislature as a procedural statute of limitations subject to being extended by any legal ground not specifically excluded in the section itself."

It is thus clear that the opinion in *Myers* makes the above quoted rule tolling the statute of limitations in malpractice actions until discovery applicable to Civil Code section 29.

Nothing in *Olivas* v. *Weiner, supra,* 127 Cal.App.2d 597, suggests the contrary. That case merely held that section 29 was intended to apply retroactively. It was only in the context of the propriety of retroactive application to give plaintiffs with preexisting causes of action only six years from the time of enactment of the statute that the court commented that "[t]he Legislature decided that six years was a reasonable time within which to bring such an action." (*Id.,* at p. 599.)

We conclude that the rule in prenatal malpractice actions is as stated in *Myers.* The six-year period is extended "by any legal ground not specifically excluded in the section itself." (125 Cal.App.2d at p. 407.) And one such legal ground is the common law delayed discovery rule in malpractice cases.[4] This common law rule is stated by our Supreme Court in *Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588]: "As the court in *Wozniak* also made clear, 'In a suit for malpractice the statute of limitations commences to run when the plaintiff discovers the injury *and its negligent cause* or through the exercise of reasonable diligence should have discovered it.' (*Id.*) (Italics added.)

"Where the plaintiff is a minor, it is not the knowledge or lack thereof of the minor, but the knowledge or lack thereof of the minor's parents which determines the time of accrual of the cause of action. (*Wozniak* v. *Peninsula Hospital, supra,* 1 Cal.App.3d 716, 723 [82 Cal.Rptr. 84]; *Myers* v. *Stevenson* (1954) 125 Cal.App.2d 399, 403 [270 P.2d 885].)"

A later statement of the rule appears in *Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 654 [135 Cal.Rptr. 75, 557 P.2d 507], where the court said: "[J]udicial decisions firmly established the principle that ' "In a suit for malpractice the statute of limitations commences to run when the

---

[4]This terminology is used to distinguish it from the comparable rule codified in Code of Civil Procedure section 340.5 which establishes a limitation of "one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, . . ." We do not find that section 340.5 is applicable to prenatal malpractice injuries, since it does not refer to prenatal injuries and the provisions dealing with minors under six at the time of injury cannot be reconciled with the provisions of Civil Code section 29 which is specifically applicable to prenatal injuries. In any event, if section 340.5 were applicable, it would not bar plaintiffs' claim, inasmuch as it does not bar claims of minors under six at the time of injury until they reach their eighth birthday. Plaintiff was under that age (eight years) when the suit was commenced.

plaintiff discovers the injury and its negligent cause or through the exercise of reasonable diligence should have discovered it." ' (Italics deleted.) (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588]; see also *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 [57 P.2d 908]; Comment (1974) 2 Pacific L.J. 663, 665-666.)" (See also *Dujardin* v. *Ventura County Gen. Hosp., supra,* 69 Cal.App.3d at p. 355.)

### ■ *Delayed Discovery Was an Issue in the Case*

It is clear that plaintiff attempted in the amended complaint to inject the issue of delayed discovery by his parents. The allegations in that respect were grossly inadequate. However, due to defendants' failure to cite the applicable authority, the trial court ruled these allegations sufficient to survive a demurrer. Under the circumstances, it would be unfair to hold that no such issue was presented and thereby relieve defendants of the burden of dealing with it in relation to the motion for summary judgment.

### ■ *Defendants Were Required, But Failed, to Negate the Existence of Triable Issues With Respect to Delayed Discovery*

As above noted, there was an issue in the case as to whether the six-year limitations period of Civil Code section 29 was tolled during a period when plaintiff's parents were allegedly "unaware of the cause and nature of the injury sustained." Defendants' moving papers did not make any showing of fact whatever relating to this issue. They argue on this appeal that they were not required to do so because "it is the duty of the party alleging a tolling of the statute of limitations to bear the burden that said statute has been tolled." This argument assumes that a defendant moving for a summary judgment does not have to demonstrate the absence of triable issues with respect to matters on which the plaintiff has the burden of proof. The law is, however, to the contrary. The rule in this respect is stated in *Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 127-128 [81 Cal.Rptr. 444], as follows:

"A summary judgment in favor of a defendant is proper 'if it is claimed the action has no merit' (Code Civ. Proc., § 437c) and such claim is proved to be correct. There is nothing in the statute which lessens the burden of the moving party simply because at the trial the resisting party would have the burden of proof on the issue on which the summary judgment is sought to be predicated. In such a case, on the motion for summary judgment, the moving party must generally negative the

matters which the resisting party would have to prove at the trial. (*Canifax* v. *Hercules Powder Co.,* 237 Cal.App.2d 44, 49-50 [46 Cal.Rptr. 552]; *McClary* v. *Concord Ave. Motors,* 202 Cal.App.2d 564 [21 Cal.Rptr. 1]; *Kramer* v. *Barnes,* 212 Cal.App.2d 440, 449 [27 Cal.Rptr. 895].)

"There are, of course, cases such as *Swope* v. *Moskovitz,* 253 Cal.App.2d 514 [61 Cal.Rptr. 277]; *Snider* v. *Snider,* 200 Cal.App.2d 741 [19 Cal.Rptr. 709]; *Schessler* v. *Keck,* 138 Cal.App.2d 663 [292 P.2d 314] and *Maltby* v. *Shook,* 131 Cal.App.2d 349 [280 P.2d 541], where the moving defendant, by its affidavits, effectively precluded any possibility of recovery by the plaintiff in the absence of a challenge to their veracity or completeness. This is obviously not such a situation. After reading everything submitted to the trial court we are just none the wiser on the question whether the pool was negligently or defectively designed and constructed. [Fn. omitted.]"

In a like situation, the same result was reached in *Fuller* v. *Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693 [86 Cal.Rptr. 705], where the court said: "It is the defendant's burden on its motion for summary judgment to negate the matters which the plaintiff will bear the burden of proving at the trial (*Barnes* v. *Blue Haven Pools,* 1 Cal.App.3d 123, 127 [81 Cal.Rptr. 444])."

Like the court in *Barnes,* "[a]fter reading everything submitted to the trial court we are just none the wiser on the question[s]" (1 Cal.App.3d at p. 128) whether (1) there was any continued doctor-patient relationship between plaintiff and defendants after his birth, (2) plaintiff's parents were unaware of the negligent cause of his injury until within six years of the filing of the complaint, and (3) through the exercise of reasonable diligence, plaintiff's parents could have discovered such negligent cause at an earlier time. We must, therefore, hold that defendants have not negated the possibility that plaintiff may recover.

Our holding does not deny to defendants effective use of the summary judgment procedure. Despite the overruling of their demurrer (due to the ineptness of their presentation), they had available to them procedures adequate to eliminate factual issues posed by plaintiff's delayed discovery claim. Requests for admissions, interrogatories and depositions could have been employed to develop the facts as to when and under what circumstances plaintiff's injury and its negligent cause were discovered and the facts bearing upon when, through the exercise of reasonable diligence, it should have been discovered. If plaintiff's responses showed

the lack of any genuine issue that the limitation of Civil Code section 29 was tolled, a summary judgment would have been appropriate. Such a disposition cannot, however, be upheld on the present record which establishes no undisputed facts relating to that issue.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views above stated.

Cobey, J., and Allport, J., concurred.