[Civ. No. 21686. Third Dist. Oct. 22, 1982.]

TANJA KELEMEN, a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
MERCY HOSPITALS OF SACRAMENTO, Real Party in Interest.

Klein & deVries and Douglas K. deVries for Petitioner.

No appearance for Respondent.

Diepenbrock, Wulff, Plant & Hannegan, John S. Gilmore, Charity Kenyon and Michele Bach for Real Party in Interest.

OPINION

PUGLIA, P. J.—We issued an alternative writ of prohibition to consider whether the trial court exceeded its jurisdiction in setting a separate trial to determine whether the statute of limitations contained in Code of Civil Procedure section 340.5 or that in Civil Code section 29 controls a minor's cause of action for injuries allegedly caused by medical malpractice before or during birth. While we shall find that the trial court did not act improperly, we shall conclude that Code of Civil Procedure section 340.5 states the applicable period of limitations in a medical malpractice action against a health care provider.

The facts are not in dispute. Plaintiff, through her mother as guardian ad litem, filed suit on December 29, 1978, alleging the cerebral palsy which afflicts her was caused by negligence before and during her birth of defendants, who are the real parties in interest in this proceeding. The complaint includes an allegation that plaintiff's mother did not know or have information by virtue of which she reasonably could have known of the injury and its negligent cause until May 1978. Plaintiff, born on January 27, 1971, was seven years old when the complaint was filed.

Defendant Mercy Hospitals of Sacramento (Mercy) answered the complaint and moved for a separate trial on the defense of the statute of limitations. (Code Civ. Proc., § 597.5; all further statutory references are to sections of the Code of Civil Procedure unless otherwise indicated.) Mercy took the position that Civil Code section 29 controls and a question of fact exists as to the tolling of the six-year limit. Civil Code section 29 provides: "A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure [minority, insanity, imprisonment] shall not be excluded in computing the time limited for the commencement of the action."

Plaintiff opposed Mercy's motion on the ground that section 340.5 defined the applicable period of limitations and she was within that period as a matter of law. Section 340.5 applies "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, . . ." Such an action by a minor "shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. . . ."

The court granted Mercy's motion, expressing the opinion it was obliged to do so since the legal question of which statute applies in the circumstances here must be decided at a separate trial. ■ Indeed, since that issue is a matter of first impression, the trial court was correct in granting a separate trial pursuant to section 597.5 to decide the open question of law. Section 597.5 provides: "In an action against a physician or surgeon . . . or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, if the answer pleads that the action is barred by the statute of limitations, and if any party so moves or the court upon its own motion requires, *the issues raised thereby must be tried separately and before any other issues in the case are tried.* If the issue raised by the statute of limitations is finally determined in favor of the plaintiff, the remaining issues shall then be tried." (Italics added.)

The language of section 597.5 is mandatory. In contrast to the court's discretionary powers to regulate the order or proof (Evid. Code, § 320) and to try issues of bar or abatement in cases coming within section 597 before proceeding to the merits, section 597.5 allows no alternative to the ordering of a separate trial when a proper motion is made. (*County of Kern* v. *Superior Court* (1978) 82 Cal.App.3d 396, 399-400 [147 Cal.Rptr. 248].) Section 597.5 is a mandatory extension of section 597, to be applied in every medical malpractice case in which the issue is properly presented. (*Ibid.*)

As a general proposition, questions of law should be tried before questions of fact. (§ 592.) It is not an abuse of discretion for the court to decide issues of bar as a matter of law in a separate trial pursuant to section 597. (See *Apodaca* v. *Hamilton* (1961) 189 Cal.App.2d 78 [10 Cal.Rptr. 885]; see also *People* v. *Rath Packing Co.* (1978) 85 Cal.App.3d 308 [149 Cal.Rptr. 431], wherein the procedure was not challenged.) Similarly, questions of law concerning the statute of limitations are a proper subject for separate trial under section 597.5. Thus, we shall deny the petition for writ.

■ At this point we could without further discussion vacate our stay and permit the trial court to proceed with the separate trial. The trial court's ruling, however, can be interpreted as an implied determination that Civil Code section 29 is applicable and that an evidentiary hearing is therefore necessary to determine whether that provision's six-year limitations period was tolled pending accrual of actual or constructive knowledge by plaintiff's guardian ad litem of the injury and its negligent cause. (See *Segura* v. *Brundage* (1979) 91 Cal.App.3d 19 [153 Cal.Rptr.

777].) In fact, the parties to this proceeding so interpret the trial court's order for a separate trial and both sides have fully briefed the issue of the appropriate limitations period. That issue will have to be decided at some point in this case; since it is presently before us, considerations of judicial economy are best served if we address it now.

We begin with an examination of the two statutes. Civil Code section 29 was enacted in 1872. (Deering's Ann. Civ. Code (1971 ed.) § 29, p. 93.) It then read: "A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth." The enactment abrogated the common law rule that a child has no legal existence independent of its mother prior to birth (*Scott* v. *McPheeters* (1939) 33 Cal.App.2d 629, 632-633 [92 P.2d 678, 93 P.2d 562]) and provided specific statutory authorization by which a child born alive can recover for prenatal injury. (*Ibid.*) Apart from the statute there is no cause of action for the child in such circumstances. (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 578 [139 Cal.Rptr. 97, 565 P.2d 122.)

No period of limitations was included in the original version of Civil Code section 29, In 1939, this court held the statute encompassed tort actions and allowed a suit to be brought on behalf of an 11-year-old child for prenatal injuries. (*Scott* v. *McPheeters, supra,* 33 Cal.App.2d 629.) The Supreme Court denied a petition for hearing in *Scott,* but withheld its approval of a dictum in the opinion indicating the statute of limitation on such an action did not commence to run until the child reached the age of majority. (33 Cal.App.2d at pp. 631, 640.) The Legislature added the current limitations period to section 29 at its next session. (Stats. 1941, ch. 327, pp. 1579-1580; *Olivas* v. *Weiner* (1954) 127 Cal.App.2d 597, 599 [274 P.2d 476].)

After the 1941 amendment, it was established that Civil Code section 29 contains the statute of limitations for prenatal injuries. The general statute of limitation for postnatal injury is found in sections 340, subdivision 3, and 352, subdivision (a); it does not commence to run until the child reaches the age of majority. (*Fay* v. *Mundy* (1966) 246 Cal.App.2d 231, 236 [54 Cal.Rptr. 591].)

In 1970, the Legislature enacted section 340.5, which, as amended in 1975, limited the time in which medical malpractice actions could be brought to "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever first occurs. . . ." (Stats. 1970, ch. 360, pp. 771, 772; Stats. 1975, Second Ex. Sess., ch. 2, § 1.192, pp. 3991-3992.) Failure to disclose was the only tolling provision included. (*Ibid.*) The

effect of the new statute was to set an absolute ceiling on the period in which the primary one-year limit for a personal injury action (§ 340, subd. 3) based on medical malpractice could be tolled by plaintiff's failure to discover. Section 340.5 contains no explicit reference to section 340, even though within the scope of its intended application the new statute narrowed the common law delayed discovery rule which qualified the latter section. (See *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 [57 P.2d 908].)

In 1975, the Governor called the Legislature to a second extraordinary session to deal with serious problems in providing the public adequate health care posed by the high cost to health care providers of medical malpractice insurance premiums. (Proclamation by the Governor, Stats. 1975, Second Ex. Sess., p. 3947.)

The Legislature in special session found a major health care crisis existed in the state and enacted the Medical Injury Compensation Reform Act (MICRA). (Stats. 1975, Second Ex. Sess., ch. 2, § 12.5, p. 4007) MICRA was designed to reduce tort compensation for medical malpractice by erecting a framework to assure medical quality (thereby reducing the number of potential lawsuits), by imposing various restrictions upon those actions which are nevertheless pursued, and by establishing procedures for protesting insurance premium rates. (*Review of Selected 1975 Cal. Legislation, Torts* (1976), 7 Pacific L.J. 237, 545.) As to medical malpractice actions, the reforms were designed to accomplish two goals: (1) to expedite identification and resolution of claims; and (2) to make amounts and payment of compensation awards more economically manageable. (*Ibid.*)

To expedite the resolution of medical injury claims, MICRA included an amendment to section 340.5. The major change related to malpractice actions by minors which now must be brought within three years of the injury unless the child is under six years of age, in which case the action must be commenced within three years or by the time the child reaches the age of eight years, whichever is the longer period. (See Stats. 1975, Second Ex. Sess., ch. 1, § 25, p. 3969; ch. 2, § 1.192, p. 3991; text, *ante,* p. 863.) Although the amended version of section 340.5 makes no express reference to any other statutory provisions, it clearly precludes the application of section 352, subdivision (a)(1) to medical malpractice actions and limits any tolling which would otherwise occur by reason of minority.

There are two statutory periods of limitations textually applicable to actions for prenatal medical malpractice. Section 340.5 is the later and more specific prescription and is an integral part of an interrelated, comprehensive legislative scheme to deal with such cases. For those

reasons, notwithstanding that section 340.5 omits expressly to refer to Civil Code section 29, we believe that section 340.5 supplants the period of limitations of Civil Code section 29 in medical malpractice actions and is therefore the controlling provision here. (*Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 [150 Cal.Rptr.841].)

MICRA affects only medical malpractice causes of action. All such actions come within the purview of the statute, including those which exist only by virtue of the substantive provisions of Civil Code section 29 creating a cause of action for prenatal injury suffered by a minor born alive. Actions under Civil Code section 29 for intentional torts or negligent injury other than by a health care provider are not affected. (*Segura* v. *Brundage, supra,* 91 Cal.App.3d at p. 27.)[1]

As we conclude that section 340.5 contains the applicable statute of limitations in this case as a matter of law and plaintiff is within the terms of that limitation, there is no longer a viable issue to be decided in a separate trial. Since the trial court will proceed in accordance with this intervening determination there is no need for extraordinary relief.

The petition is denied, the alternative writ is discharged and the stay of trial heretofore issued is dissolved.

Blease, J., and Sparks, J., concurred.

A petition for a rehearing was denied November 17, 1982.

---

[1]We recognize that a dictum in *Segura* v. *Brundage, supra,* 91 Cal.App.3d at page 27, footnote 4, suggests that section 340.5 does not apply to prenatal medical malpractice injuries. Our conclusion is to the contrary.