[Civ. No. 67411. Second Dist., Div. Two. Mar. 15, 1983.]

JESSE I. KNOX, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT PAUL RADER, a Minor, et al., Real Parties in Interest.

COUNSEL

Warren & Burleigh, Edwin B. Warren and Gerald H. B. Kane for Petitioner.

No appearance for Respondent court.

Nathaniel J. Friedman, Hagenbaugh & Murphy, Horvitz & Greines, Ellis J. Horvitz and S. Thomas Todd for Real Parties in Interest.

OPINION

**ROTH, P. J.**—In this original mandamus proceeding, we determine the statute of limitations applicable to a minor's cause of action for prenatal medical malpractice. We conclude the provisions of section 340.5 of the Code of Civil Procedure govern and we grant a peremptory writ to compel entry of summary judgment in favor of defendants.

The relevant facts summarized briefly follow:

Plaintiff was born on October 11, 1970, at Inter-Community Hospital (Hospital) under the care of Dr. Jesse Knox (Doctor). Approximately two years later, plaintiff was diagnosed as having cerebral palsy. In August 1973, a doctor advised plaintiff's mother that he believed the cerebral palsy was caused during the birth process. On June 6, 1979, plaintiff, through his mother as guardian ad litem, filed suit alleging medical malpractice against Hospital and Doctor.

Extensive pretrial litigation was had. Ultimately, Doctor filed a motion for summary judgment on the basis plaintiff's suit was controlled by Code of Civil Procedure section 340.5 and barred as a matter of law. The trial court held that Civil Code section 29 controlled and denied the motion. Doctor thereafter petitioned this court for extraordinary relief. Following our issuance of the alternative writ, hospital renewed its motion for summary judgment. The trial court has taken Hospital's motion under submission pending our decision in this matter.

Civil Code section 29 provides in relevant part: "[A]ny action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor." As pertinent herein, the six-year statute of limitations does not begin to run until plaintiff discovers the negligent cause of the injury (*Segura* v. *Brundage* (1979) 91 Cal.App.3d 19, 24-28 [153 Cal.Rptr. 777]). If this provision is applicable, plaintiff had six years following the information given in August 1973 to initiate this lawsuit, thereby rendering the June 1979 filing timely.

Section 340.5 of the Code of Civil Procedure states in pertinent part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, . . . [a]ctions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period." As the alleged malpractice occurred during plaintiff's birth, section 340.5 dictates that the action be filed prior to plaintiff's eighth birthday on October 11, 1978. If section 340.5 applies, plaintiff's action is barred since it was filed on June 6, 1979.

█ In *Kelemen* v. *Superior Court* (1982) 136 Cal.App.3d 861 [186 Cal. Rptr. 566], the Court of Appeal was presented with the question of whether Civil Code section 29 or Code of Civil Procedure section 340.5 stated the statute of limitations for a minor's action against a health care provider for prenatal injury. Justice Puglia, writing for a unanimous panel, exhaustively analyzed both statutes and concluded that Code of Civil Procedure section 340.5 controlled. We accept and adopt his analysis which in pertinent part follows:

"We begin with an examinaton of the two statutes. Civil Code section 29 was enacted in 1872. (Deering's Ann. Civ. Code (1971 ed.) § 29, p. 93.) It then read: 'A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth.' The enactment abrogated the common law rule that a child has no legal existence independent of its mother prior to birth (*Scott* v. *McPheeters* (1939) 33

Cal.App.2d 629, 632-633 . . . .) and provided specific statutory authorization by which a child born alive can recover for prenatal injury. (*Ibid.*) Apart from the statute there is no cause of action for the child in such circumstances. (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 578 . . . .)

"No period of limitations was included in the original version of Civil Code section 29. In 1939, this court held the statute encompassed tort actions and allowed a suit to be brought on behalf of an 11-year old child for prenatal injuries. (*Scott* v. *McPheeters, supra,* 33 Cal.App.2d 629.) The Supreme Court denied a petition for hearing in *Scott,* but withheld its approval of a dictum in the opinion indicating the statute of limitation on such an action did not commence to run until the child reached the age of majority. (33 Cal.App.2d at pp. 631, 640.) The Legislature added the current limitations period to section 29 at its next session. (Stats. 1941, ch. 327, pp. 1579-1580; *Olivas* v. *Weiner* (1954) 127 Cal.App.2d 597, 599 . . . .)

"After the 1941 amendment, it was established that Civil Code section 29 contains the statute of limitations for prenatal injuries. The general statute of limitation for postnatal injury is found in sections 340, subdivision 3, and 352, subdivision (a); it does not commence to run until the child reaches the age of majority. (*Fay* v. *Mundy* (1966) 246 Cal.App.2d 231, 236 . . . .)

"In 1970, the Legislature enacted section 340.5, which, as amended in 1975, limited the time in which medical malpractice actions could be brought to 'three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever first occurs. . . .' (Stats. 1970, ch. 360, pp. 771, 772; Stats. 1975, 2d Ex. Sess., ch. 2, § 1.192, pp. 3991-3992.) Failure to disclose was the only tolling provision included. (*Ibid.*) The effect of the new statute was to set an absolute ceiling on the period in which the primary one-year limit for a personal injury action (§ 340, subd. 3) based on medical malpractice could be tolled by plaintiff's failure to discover. Section 340.5 contains no explicit reference to section 340, even though within the scope of its intended application the new statute narrowed the common law delayed discovery rule which qualified the latter section. (See *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 . . . .)

"In 1975, the Governor called the Legislature to a second extraordinary session to deal with serious problems in providing the public adequate health care posed by the high cost to health care providers of medical malpractice insurance premiums. (Proclamation by the Governor, Stats. 1975, 2d Ex. Sess., p. 3947.)

"The Legislature in special session found a major health care crisis existed in the state and enacted the Medical Injury Compensation Reform Act (MICRA). (Stats. 1975, 2d Ex. Sess., ch. 2, § 12.5, p. 4007.) MICRA was designed to

reduce tort compensation for medical malpractice by erecting a framework to assure medical quality (thereby reducing the number of potential lawsuits), by imposing various restrictions upon those actions which are nevertheless pursued, and by establishing procedures for protesting insurance premium rates. *(Review of Selected 1975 Cal. Legislation, Torts* (1976), . . . .) As to medical malpractice actions, the reforms were designed to accomplish two goals: (1) to expedite identification and resolution of claims; and (2) to make amounts and payment of compensation awards more economically manageable. *(Ibid.)*

"To expedite the resolution of medical injury claims, MICRA included an amendment to section 340.5. The major change related to malpractice actions by minors which now must be brought within three years of the injury unless the child is under six years of age, in which case the action must be commenced within three years or by the time the child reaches the age of eight years, whichever is the longer period. (See Stats. 1975, 2d Ex. Sess., ch. 1, § 25, p. 3969; ch. 2, § 1.192, p. 3991; text, *ante,* p. 863.) Although the amended version of section 340.5 makes no express reference to any other statutory provisions, it clearly precludes the application of section 352, subdivision (a)(1) to medical malpractice actions and limits any tolling which would otherwise occur by reason of minority.

"There are two statutory periods of limitations textually applicable to actions for prenatal medical malpractice. Section 340.5 is the later and more specific prescription and is an integral part of an interrelated, comprehensive legislative scheme to deal with such cases. For those reasons, notwithstanding that section 340.5 omits expressly to refer to Civil Code section 29, we believe that section 340.5 supplants the period of limitations of Civil Code section 29 in medical malpractice actions and is therefore the controlling provision here. *(Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 . . . .)

"MICRA affects only medical malpractice causes of action. All such actions come within the purview of the statute, including those which exist only by virtue of the substantive provisions of Civil Code section 29 creating a cause of action for prenatal injury suffered by a minor born alive. Actions under Civil Code section 29 for intentional torts or negligent injury other than by a health care provider are not affected. *(Segura* v. *Brundage, supra,* 91 Cal.App.3d at p. 27.)" *(Kelemen* v. *Superior Court* (1982) 136 Cal.App.3d 861, 865-867 [186 Cal.Rptr. 566].)

In an effort to avoid the precedential effect of *Kelemen,* plaintiff cites us to *Segura* v. *Brundage, supra,* 91 Cal.App.3d 19. In *Segura,* as both parties apparently believed Civil Code section 29 applied, the issue presented was whether delayed discovery operated to toll that statute of limitations. Holding that it did, the *Segura* court in a footnote, contrasted the common law delayed

discovery rule to that which is codified in Code of Civil Procedure section 340.5. It then stated: "We do not find that section 340.5 is applicable to prenatal malpractice injuries, since it does not refer to prenatal injuries and the provisions dealing with minors under six at time of injury cannot be reconciled with the provisions of Civil Code section 29 which is specifically applicable to prenatal injuries." (*Id.*, at p. 27, fn. 4.) The *Kelemen* court found this statement to be dictum (*Kelemen* v. *Superior Court, supra,* 136 Cal.App.3d at p. 867, fn. 1). We agree.

Plaintiff has presented no cogent policy reasons to warrant a departure from the *Kelemen* rule.

The alternative writ is discharged. Let a peremptory writ of mandate issue compelling respondent court: (1) to set aside its order denying petitioner's motion for summary judgment and to enter a new and different order granting said motion; and (2) to grant Inter-Community Hospital's motion for a summary judgment.

Beach, J., and Gates, J., concurred.

A petition for a rehearing was denied April 11, 1983, and the petition of real parties in interest for a hearing by the Supreme Court was denied May 25, 1983. Bird, C. J., was of the opinion that the petition should be granted.