[Civ. No. 30480. Fourth Dist., Div. Three. Mar. 8, 1984.]

DANIEL LEE BLANCH, Plaintiff and Appellant, v.
RICHARD E. YOUNG, Defendant and Respondent.

**COUNSEL**

Mary Fay for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard and Conrad R. Aragon for Defendant and Respondent.

**OPINION**

**CROSBY, J.**—Plaintiff appeals from summary judgment in favor of defendant attorney in a legal malpractice action.

The subject matter of this action is a renewable five-year lease of commercial real property which ran from August 4, 1975, to August 4, 1980. The master lease granted the original tenant the right to renew "[a]t the expiration of this lease" for an additional five years, from August 4, 1980, to August 4, 1985, at the same $500 monthly rent. It did not contain an antiassignment or antisublease clause, nor was the time or method of exercising the renewal option specified. The original tenant first sublet the premises to "Fender Bender, Inc. Daniel Lee Blanch, Pres." and then assigned his interest in the lease to Blanch.[1]

The sublease gave Blanch the right to renew the lease for five years at $500 per month, provided the option was exercised in writing at least 90 days before the lease expired. The assignment gave Blanch "all [the original tenant's] right, title and interest" in the master lease.

After obtaining the assignment, Blanch sublet the premises to a third person, who also had the option to renew the sublease for five years at $500 per month on the same conditions as in the sublease to Blanch, except the 90-day cutoff date was April 14, 1980.

On September 16, 1980, the landlord filed a verified complaint in unlawful detainer against original tenant, Blanch, and Blanch's sublessee in possession of the premises. Attorney Richard E. Young, retained by Blanch in June or July 1980 to handle legal aspects of the lease, represented all defendants in the unlawful detainer action. The defendants' answer, verified by the original tenant, but not Blanch, asserted all defendants exercised "an option to renew the lease for the same terms and conditions for an additional five-year period by so orally advising [the landlord] between the first week of July, 1980, at the subject premises." The landlord prevailed in the unlawful detainer action.

Blanch then filed a verified complaint against Young for legal malpractice, claiming Young negligently failed to exercise Blanch's option to renew the lease under the terms of Blanch's sublease with the original tenant, i.e., written notice at least 90 days before expiration of the lease. Blanch claimed $36,000 in damages, the difference between the fair rental value of the property to a sublessee, $1,100 per month for five years, and the $500 per month he would pay under the renewed lease.

Young asserted Blanch was bound by the admission in the verified answer to the unlawful detainer—which Young prepared—that each defendant ex-

---

[1]The only copy of the sublease in the record on appeal is unsigned by Blanch or anyone else on behalf of Fender Bender, Inc.

ercised the option to renew the lease for five years at $500 per month. He argued Blanch suffered no damage as a consequence of any error on his part since Blanch was contractually bound to sublease the premises for $500 per month, not the fair rental value of $1,100 per month. The court accepted this theory and granted Young's motion for summary judgment.

Blanch did not personally verify the answer filed on his and his codefendants' behalf in the unlawful detainer action, however. The admission in that pleading, i.e., that the original tenant, assignee-sublessee Blanch, and Blanch's sublessee each exercised the $500 per month, five-year lease renewal, is contradicted by Blanch's declaration opposing the motion for summary judgment. There, Blanch asserts he never saw the verified answer prepared by Young, his sublessee did not exercise the option to renew, and there was no evidence in the unlawful detainer action of *anyone*'s exercising a renewal option (which would explain why it was lost). This was sufficient to raise a triable issue of fact; summary judgment was not appropriate.

We do not end our analysis here, however. ■ A "motion by a *defendant* under section 437c of the Code of Civil Procedure necessarily includes a test of the sufficiency of the complaint . . . motions for summary judgment in such situations have otherwise been allowed as being in legal effect motions for judgment on the pleadings." (*C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735, 745 [135 Cal.Rptr. 483].) ■ Here, the verified complaint is ambiguous on its face, and judgment on the pleadings would have been proper. (See *Jones-Hamilton Co.* v. *Franchise Tax Bd.* (1968) 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].) Blanch claims Young was negligent in failing to serve *written* notice of renewal, "all in accordance with paragraphs four through seven of Exhibit 'A'." But exhibit "A," the master lease, does not have numbered paragraphs and does not require written notice to renew. Blanch's *sublease,* however, is so numbered and does require written notice at least ninety days before expiration of the master lease. Consequently, it is not clear whether Blanch is proceeding as assignee of the master lease or as the original tenant's sublessee.

The distinction is critical, for Young is entitled to judgment as a matter of law if Blanch is suing as sublessee. As sublessee Blanch had 90 days to renew; and he admits he did not retain Young *within* 90 days of expiration of the lease. As assignee of the original tenant's position, he inherited no such impediment, however. If he can plead Young was aware of the assignment and obliged to assert his rights under that document, Blanch might yet revive this moribund lawsuit.

Accordingly, summary judgment for Young is reversed. The case is remanded to superior court with directions to enter judgment on the pleadings

for Young and allow Blanch 30 days leave to amend. Each party shall bear his own costs on appeal.

Trotter, P. J., and Wallin, J., concurred.