[No. B013721. Second Dist., Div. Four. Aug. 18, 1986.]

ROBERT NAZAR, JR., Plaintiff and Appellant, v.
E. O. RODEFFER et al., Defendants and Respondents.

COUNSEL

Matthew B. F. Biren and Robert J. Overzyl for Plaintiff and Appellant.

McHale & Connor, Bruce Janger and Virgil J. Butler for Defendants and Respondents.

OPINION

McCLOSKY, J.—Plaintiff Robert Nazar, Jr., appeals from a summary judgment entered in favor of defendants E. O. Rodeffer, dba Rodeffer Investments, and Dewain R. Butler. ██ Summary judgment was predicated on Civil Code section 846 which immunizes landowners from liability for negligence to persons who enter their property for recreation without express invitation and without payment of a fee.[1]

---

[1]Plaintiff's notice of appeal was filed on May 3, 1985. It states that appellant "hereby appeals from the order granting summary judgment in favor of defendant and cross-defendant E. O. Rodeffer dba Rodeffer Investments and defendant and cross-defendant Dewain R. Butler and from the judgment entered pursuant to said order."

Summary judgment was entered on May 10, 1985. Pursuant to California Rules of Court, rule 2(c), we treat plaintiff's premature notice of appeal as if it were filed immediately after entry of judgment. The order granting summary judgment is not an appealable order. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 89, p. 111.)

On April 13, 1983, plaintiff was injured in a motorcycle accident that occurred on real property owned by defendants and located immediately west of the 605 Freeway and south of Beverly Boulevard. Plaintiff had entered defendants' property for the recreational purpose of riding motorcycles. The property was a vacant lot unimproved with the exception of a concrete drainage ditch. The accident occurred when plaintiff drove his motorcycle into the ditch which traversed the property and which was obscured by weeds and other vegetation.

On December 1, 1983, plaintiff filed a complaint for personal injuries against defendants Rodeffer and Butler as well as the State of California and the County of Los Angeles. Neither the State of California nor the County of Los Angeles is a party to this appeal.

In his complaint plaintiff alleged only one cause of action for negligence against defendants Rodeffer and Butler. In essence plaintiff alleged that his injuries were the proximate result of their negligence in failing to warn of the existence and location of the concrete drainage ditch on their property.

Defendant Butler in his answer filed in July 1984 and defendant Rodeffer in his first amended answer filed in September 1984 affirmatively alleged as a defense that plaintiff's cause of action for negligence was barred by Civil Code section 846.

Defendants thereafter moved for summary judgment on the ground that Civil Code section 846 immunized them from liability. Their motions were granted, and a judgment in their favor was entered. This appeal followed.

Plaintiff poses the following questions for resolution on appeal:

(1) "Did a triable issue of fact exist concerning the alleged willful or malicious failure of Respondents to guard or warn against dangerous conditions on their property, thus establishing a triable issue concerning the applicability of a statutory exception to *California Civil Code* section 846 and rendering summary judgment predicated upon that statute inappropriate?" (Italics in original.)

(2) "Did a triable issue of fact exist concerning the suitability of the land owned by Respondents for recreational purposes, thus establishing a triable issue concerning the inapplicability of *California Civil Code* section 846 and rendering summary judgment predicated upon that statute inappropriate?" (Italics in original.)

(3) "Did the court err by granting the summary judgment in favor of Respondents where it appeared that additional discovery was required to

determine facts that were essential to justify Appellant's opposition to the motion for summary judgment?"

## I

Civil Code section 846, upon which summary judgment in favor of defendants was predicated, provides in pertinent part:

"An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.

"A 'recreational purpose,' as used in this section, includes . . . all . . . types of vehicular riding, . . .

". . . . . . . . . . . . . . . . . . . . . . .

"This action does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the land owner."

Plaintiff herein makes no contention that section 846 does not immunize defendants from their ordinary negligence. Instead, plaintiff contends that summary judgment was improperly entered in favor of defendants because they failed to negate the averment in paragraph 15 of his complaint that defendant Rodeffer and Butler "willfully and maliciously failed to guard or warn against a dangerous condition on the premises."

While a plaintiff who has pleaded several causes of action based on the same set of facts need sustain its burden of proof only on one of the theories in order to prevail at trial, a defendant who seeks a summary judgment must define all of the theories alleged in the complaint and challenge each factually. (*Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 638 [177 Cal.Rptr. 445].)

The court in *Conn* v. *National Can Corp., supra,* 124 Cal.App.3d at p. 639, explained:

"If . . . the plaintiff pleads several theories or anticipates affirmative defenses by a show of excusing events or conditions, the challenge to the opponent is made by the complaint, requiring the moving defendant to affirmatively react to each theory *and* excusing or justifying event, or condition which supports a theory, if the motion is to be successful. The moving defendant whose declarations omit facts as to any such theory or its qualifying excuse or justification permits that portion of the complaint to be unchallenged. In that event the plaintiff properly uses his own complaint. He does so, not to controvert the moving party's declaration, or in lieu of one for himself, but rather to show that certain facts or theories remain unchallenged.

"In the usual case the defense attorney will check the complaint for facts and theories and then will prepare declarations accordingly. He should do so in order to avoid the consequences of the rule that the court does not look to the allegations of the complaint '*except to the extent they are not controverted by affidavits on either side.*' [Citations.]

"'A moving defendant must show clearly that plaintiff's action has no merit. If a plaintiff's cause of action could be based on either of two theories, he will not be subject to defeat by summary judgment where the defendant's declarations show only that one of the two theories cannot be established. It is the defendant's burden to rule out *all possible merit.* Only if the declarations of the moving defendant considered in light of the issues raised by the pleadings together with the admissions and affirmative allegations set forth in the pleadings of the plaintiff would, standing alone support the summary judgment motion does the court look to any counteraffidavits and counterdeclarations.' (*Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].)"

██ "The concept of wilful misconduct has a well-established, well-defined meaning in California law. 'Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results. [Citation.]'" (*New* v. *Consolidated Rock Products Co.* (1985) 171 Cal.App.3d 681, 689 [217 Cal.Rptr. 522], quoting *O'Shea* v. *Claude C. Wood Co.* (1979) 97 Cal.App.3d 903, 912 [159 Cal.Rptr. 125].)

"'Three essential elements must be present to raise a negligent act to the level of wilful misconduct: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril. [Citations.]'" (*New* v. *Consolidated Rock Products Co., supra,* 171 Cal.App.3d at pp. 689-690, quoting *Morgan* v.

*Southern Pacific Trans. Co.* (1974) 37 Cal.App.3d 1006, 1012 [112 Cal.Rptr. 695].)

 In his complaint, in the case at bench, plaintiff did not allege facts establishing the three essential elements necessary to raise defendants' alleged negligence to the level of willful misconduct. His mere conclusory general statement that defendants acted willfully and maliciously in failing to warn about the concrete drainage was not enough. (See 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 559 and 560, pp. 598-600.) In fact, plaintiff, in his points and authorities in opposition to the motion for summary judgment, admitted that he did not state a cause of action for willful misconduct against defendants Rodeffer and Butler.

 "Failure to state a cause of action is a proper ground for granting summary judgment since 'a motion by a *defendant* under section 437c of the Code of Civil Procedure necessarily includes a test of the sufficiency of the complaint . . . . Motions for summary judgment in such situations have otherwise been allowed as being in legal effect motions for judgment on the pleadings. [Citation.]" (*Lombardo* v. *Santa Monica Young Men's Christian Assn.* (1985) 169 Cal.App.3d 529, 538 [215 Cal.Rptr. 224]; fn. omitted, quoting *C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735, 745 [135 Cal.Rptr. 483]; see also *Rowe* v. *Wells Fargo Realty Services, Inc.* (1985) 166 Cal.App.3d 310, 316 [212 Cal.Rptr. 374]; *Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal.App.3d 1151, 1156 [203 Cal.Rptr. 419]; *Blanch* v. *Young* (1984) 152 Cal.App.3d 1016, 1019 [200 Cal.Rptr. 9]; *Barnett* v. *Delta Lines, Inc.* (1982) 137 Cal.App.3d 674, 682 [187 Cal.Rptr. 219].)

 While the trial court did not specify plaintiff's failure to state a cause of action for willful misconduct as a ground for the granting of defendants' motions for summary judgment, our task is to review the propriety of the granting of those motions, not the reasons given by the trial court therefor. (*Lombardo* v. *Santa Monica Young Men's Christian Assn., supra,* 169 Cal.App.3d at p. 538, fn. 4.)

To the extent that plaintiff did not state a cause of action for willful misconduct and did not anticipate the assertion by defendants of Civil Code section 846 by sufficiently alleging that section's excusing events or conditions, defendants were not required to prove that their failure to warn was not willful and malicious—i.e., defendants were not required to negate the applicability of the statutory exception for willful and malicious misconduct to Civil Code section 846. A defendant's "burden on its motion for summary judgment was only to negate the existence of triable issues of fact in a fashion that entitled it to judgment on the issues raised by the pleadings.

[Citation.] It was not required to refute liability on some theoretical possibility not included in the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 451-452 [147 Cal.Rptr. 828].) ■ To the extent that plaintiff did state a cause of action for negligence against defendants, the latter were entitled to judgment in their favor by virtue of the provisions of Civil Code section 846 if they were not otherwise precluded from having such a judgment.

## II

■ Plaintiff's next contention that a triable issue of fact existed concerning the suitability of the land for recreational purposes is without merit.

■ Our state Supreme Court has noted that "[t]he purpose of section 846 is to encourage property owners 'to allow the general public to recreate free of charge on *privately* owned property.' [Citation.]" (*Delta Farms Reclamation Dist.* v. *Superior Court* (1983) 33 Cal.3d 699, 707-708 [190 Cal.Rptr. 494, 660 P.2d 1168], cert. den., 464 U.S. 915 [78 L.Ed.2d 257, 104 S.Ct. 277].) ■ The purpose of this section would be furthered by its application in this case.

The land on which plaintiff's motorcycle accident occurred was privately owned by defendants. Plaintiff entered the property for the recreational purpose of riding motorcycles. Deposition testimony established that the property was used by motorcyclists "[f]or a long time, very, very long time." This was established by the existence of a motorcycle track or trail on the property.

The mere existence of a man-made structure on the land does not detract from the fact that defendants' land serves a recreational purpose. Civil Code section 846 itself states that an owner of real property "owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, *structures,* or activities on such premises to persons entering for such purpose, . . ." (Italics added.) Our state Supreme Court has noted "that the statute makes no distinction between natural and artificial conditions." (*Delta Farms Reclamation Dist.* v. *Superior Court, supra,* 33 Cal.3d at p. 708.) *Potts* v. *Halsted Financial Corp.* (1983) 142 Cal.App.3d 727 [191 Cal.Rptr. 160] and *Paige* v. *North Oaks Partners* (1982) 134 Cal.App.3d 860 [184 Cal.Rptr. 867], which involved accidents at construction sites are distinguishable from the case at bench.

Plaintiff maintains that the occurrence of prior accidents on the land could render it unsuitable for recreational purposes such that Civil Code section

846 would not apply. We disagree. Acceptance of this argument would defeat the obvious purpose of this statute.

We conclude that no triable issue of material fact existed regarding the suitability of the land for recreational purposes.

Absent the discovery issue raised by plaintiff, it appears that defendants' motions for summary judgment should have been granted. We turn, however, to that discovery issue.

## III

Lastly, plaintiff contends that summary judgment was improper "where it appeared that additional discovery was required to determine facts that were essential to justify appellant's opposition to the motion for summary judgment."

Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as may be just."

In his declaration in opposition to defendants' motion for summary judgment, counsel for plaintiff stated, "As of this time, investigation and discovery on behalf of the plaintiff has consisted of examination and photographing of the area in question, research and investigation into ownership of the land in question; and participation in the taking of the depositions of the witnesses John and Frank Chavoya."

Counsel for plaintiff further declared that because the depositions of defendants Rodeffer and Butler had not yet been taken plaintiff in opposing their motions for summary judgment was not "in a position to provide documentation, or other evidence, pertaining to whether the moving defendants acted willfully and/or maliciously in failing to warn or take protective measures against the dangers to motorcycle riders presented by the concrete drainage ditch and the weeds surrounding it."

More specifically, plaintiff's counsel in his declaration stated that he was unable "to provide documentation, or other evidence, relative to what said defendants knew in regard to the presence of the drainage ditch or culvert on their land; the use of their land by the plaintiff; the use of their land by other persons riding motorcycles thereon; the fact that persons were riding

their motorcycles in close proximity to the concrete drainage ditch or culvert; . . . what said moving defendants knew in regard to the presence of weeds and grass next to the concrete drainage ditch or culvert[;] . . . what action, if any, the moving defendants took in regard to the above-mentioned factors[; and] . . . whether the moving defendants, as owners of the land, had responsibility for keeping the area adjacent to the concrete drainage ditch or culvert free of weeds and bushes or whether such responsibility fell upon one of the other defendants in this case."

In his argument in opposition to defendants' motion for summary judgment, plaintiff further commented that discovery regarding defendants' knowledge of other accidents on their property, too, had not yet been undertaken.

 "Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law. [Citation.] However, Code of Civil Procedure section 437c mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion." (*Fisher* v. *Larsen* (1982) 138 Cal.App.3d 627, 648 [188 Cal.Rptr. 216], cert. den., (1983) 464 U.S. 959 [78 L.Ed.2d 335, 104 S.Ct. 390].)

The issue of the applicability of Civil Code section 846 was raised by defendants in their answers to plaintiff's complaint. Insofar as Civil Code section 846 immunized defendants from liability for their ordinary negligence, in order to defeat defendants' motions for summary judgment plaintiff had to raise a triable issue of material fact regarding whether defendants' conduct exceeded the bounds of ordinary negligence.

We conclude that the trial court, in order to abide by the provisions of Code of Civil Procedure section 437c, subdivision (h) should have denied the motion, granted a reasonable continuance to enable plaintiff to depose the defendants or conduct other discovery, or made some other just order.

The deposition testimony submitted by plaintiff in opposition to the summary judgment motions demonstrated that defendant had owned the property since 1970 and that there had been at least one prior accident involving the concrete drainage ditch during that time. Defendant Rodeffer, in his reply to plaintiff's opposition, stated that he did not dispute that his property was used for riding motorcycles or that the concrete drainage ditch was located on his property.

Additional discovery might have uncovered evidence that defendants had actual or constructive knowledge of the danger posed by the ditch when

obscured by vegetation and of the probability of injury and that despite this knowledge consciously failed to warn against the peril.

Summary judgment is a drastic procedure that should be used cautiously so that it does not become a substitute for trial. (See *Gray* v. *Reeves* (1977) 76 Cal.App.3d 567, 573 [142 Cal.Rptr. 716].)

Judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed herein. On remand the trial court may properly enter an order that there is no substantial controversy as to the suitability of defendants' land for recreational purposes. Plaintiff Robert Nazar, Jr., is awarded his costs on appeal.

Woods, P. J., and Kingsley, J., concurred.