[No. E037219. Fourth Dist., Div. Two. Nov. 17, 2005.]

JOHN AMBROSE, JR., Plaintiff and Appellant, v.
MICHELIN NORTH AMERICA, INC, Defendant and Respondent.

**COUNSEL**

Law Offices of Rafik Y. Kamell and Rafik Y. Kamell for Plaintiff and Appellant.

Yukevich Calfo & Cavanaugh, James J. Yukevich, Alexander G. Calfo and Delmar S. Thomas for Defendant and Respondent.

**OPINION**

**RAMIREZ, P. J.**—Plaintiff and appellant John Ambrose, Jr. (Ambrose), appeals from the trial court's orders denying (1) his oral request to continue the summary judgment hearing (Code Civ. Proc.,[1] § 437c, subd. (h)); and (2) his motion for relief from judgment and dismissal (§ 473, subd. (b)). We affirm the judgment because the trial court did not abuse its discretion when it ruled on either motion.

### FACTS AND PROCEDURAL HISTORY

This is a products liability action. On May 14, 2001, Ambrose was driving a three-axle cement truck owned by his employer, Superior Ready Mix, on

---

[1] All further section references are to the Code of Civil Procedure.

Interstate 15. The truck was loaded with approximately 9.5 cubic yards of concrete. The police report indicates that the truck's left front tire, manufactured by defendant and respondent Michelin North America, Inc. (Michelin), "blew up," causing the truck to crash.

On May 13, 2002, Ambrose filed suit against Michelin, alleging that a defect in the tire caused the accident and resulting injuries and damages. The complaint stated causes of action for strict products liability, negligence, and breach of express and implied warranty. On June 25, 2004, Michelin filed a motion for summary judgment. Ambrose filed his opposition on September 10, 2004. The separate statement attached to the opposition indicated that Ambrose intended to produce his own expert witness. Ambrose did not at that time ask the trial court to continue the motion.

The hearing on the motion for summary judgment was held on September 24, 2004. The trial court's tentative ruling was to grant the motion. At that time, counsel for Ambrose orally requested a continuance to allow Ambrose's expert to submit a declaration that the tire failed because of a manufacturing defect. The trial court denied the request, ruling that section 437c, subdivision (h), required such a motion to be made no later than the due date for the opposition to the motion for summary judgment. The trial court then granted Michelin's motion for summary judgment.

On September 30, 2004, Ambrose filed a motion for relief from judgment pursuant to section 473, subdivision (b), on the ground that "plaintiff's counsel failed to . . . request [a] continuance initially in the [opposition] papers as a result of inadvertent mistake." Specifically, Ambrose's counsel stated that "[i]n a hurry to meet the filing deadline and with other pending trials occurring, [counsel] inadvertently forgot to request a continuance in the brief before filing it," although she was instructed to do so by another attorney in her office. The hearing on the motion was held on October 28, 2004. The trial court denied the motion, ruling that relief was not mandatory because counsel's mistake did not result in a default, and was not analogous to a default because counsel did file a timely, substantive opposition to the motion for summary judgment. Rather, the court ruled that counsel's mistake in failing to timely request a continuance merely resulted in an inadequate opposition. Further, because the trial court found that the mistake was not excusable, it declined to grant relief from the judgment under the permissive portion of section 473, subdivision (b). Michelin's summary judgment was entered on December 16, 2004, and this appeal followed.

## DISCUSSION

### 1. *The Request for Continuance Was Untimely.*

Ambrose argues that his request for a continuance of the summary judgment hearing was appropriate and should have been granted. This is because, as Ambrose contends, the trial court is *required* to deny the summary judgment motion, or grant a continuance, if the opposing party shows that controverting evidence "may exist" but "cannot then be presented." Ambrose cites *Nazar v. Rodeffer* (1986) 184 Cal.App.3d 546, 555–556 [229 Cal.Rptr. 209], for the proposition that a trial court has no discretion to deny a continuance under such circumstances.

However, the trial court in this case correctly discerned that "such circumstances" must by statute include an affidavit *submitted on or before the due date* for the opposition to the motion for summary judgment. The affidavit must state that facts essential to the opposition may exist, and explain why those facts cannot then be presented. For clarity, we cite the provision in its entirety: "If it appears from the *affidavits submitted in opposition to a motion for summary judgment* or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion *at any time on or before the date the opposition response to the motion is due.*" (§ 437c, subd. (h), italics added.)

Here, Ambrose failed in his opposing papers to request a continuance to allow his out-of-state expert witness more time to examine the tire and review all of the evidence. Further, Ambrose failed to request a continuance of the summary judgment motion hearing at any time prior to the hearing itself, not to mention prior to the deadline for opposing the motion. Finally, Ambrose failed to submit any affidavits whatsoever to justify a continuance.

Ambrose does not cite any case law that supports his contention that the deadlines in section 437c, subdivision (h), are merely advisory. Neither does he cite any case law stating that a plaintiff can orally request a continuance under this provision as late as the hearing itself. Ambrose also fails to mention that the defendant in *Nazar v. Rodeffer, supra,* 184 Cal.App.3d 546, cited in his opening brief, had *properly declared* in his *timely* opposition to the motion for summary judgment that additional discovery was needed to determine facts that were essential to the opposition.

 The motion was untimely and did not include the required affidavit to establish good cause for a continuance. For these reasons, we conclude that

Ambrose has not carried his burden on appeal to establish that the trial court was incorrect when it denied his counsel's oral motion to continue the summary judgment hearing.

### 2. *The Motion for Relief Was Without Merit.*

Ambrose contends that the trial court abused its discretion when it declined to grant his motion for relief from the summary judgment under section 473, subdivision (b). Specifically, Ambrose argues that his counsel's failure to properly request a continuance of the summary judgment hearing was caused by counsel inadvertently failing to transfer a handwritten section of a brief into typewritten form, and that this failure was an excusable mistake under the case law governing section 473, subdivision (b).

A trial court has discretion to grant relief to a litigant from a judgment or dismissal that is caused by counsel's excusable mistake. "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Here, the trial court found that the mistake made by Ambrose's counsel was not excusable under the case law governing this provision, classifying it as "conduct falling below the professional standard of care such as failure to timely object or to properly advance an argument [such that it] is not excusable neglect. [¶] . . . [Y]our explanation essentially is that you were in a hurry to meet a filing deadline and that you had several concurrent obligations due to other pending litigations. That is also not excusable neglect as defined by the cases."

We agree with the trial court's analysis of the case law on excusable neglect and its application to the mistake made by Ambrose's counsel. "A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse." (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 [109 Cal.Rptr.2d 256].) "Excusable neglect" is generally defined as an error " ' "a reasonably prudent *person* under the same or similar circumstances might have made." ' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 [121 Cal.Rptr.2d 187, 47 P.3d 1056].) Thus, as the trial court pointed out, "[c]onduct falling below the professional standard of care, such as failure to timely object to or properly advance an argument, is not therefore excusable." (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 682 [68 Cal.Rptr.2d 228] (*Garcia*).) A reasonably prudent person just does not fail to include an essential request for continuance and an accompanying affidavit in an opposition to a summary judgment motion. As in *Garcia*, Ambrose does not argue that the mistake was caused by a

glitch in office machinery or an error by clerical staff. Rather, Ambrose points to the "stresses of a busy law practice," the "hurry to meet the deadline," and "several concurrent obligations due to other pending litigation." Again, as in *Garcia*,[2] the trial court here correctly concluded that this does not constitute excusable neglect under the reasonable person standard.

To the extent Ambrose argues that the trial court should have granted relief under the mandatory provision of section 473, subdivision (b), we agree with the trial court as well. "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal . . . unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise or neglect." (§ 473, subd. (b).) Thus, where an attorney submits an affidavit stating that his or her client suffered a default because of the attorney's mistake, the trial court must in most cases vacate the default.

However, a summary judgment is not a default, or analogous to a default, where, as here, the plaintiff's attorney filed a timely response to the summary judgment motion, which the trial court considered on its merits. Some appellate courts have stated that relief is mandatory where the summary judgment motion is granted based on a late filing of opposition papers that the court refuses to consider, in that the judgment is analogous to a default because the attorney's mistake deprived the plaintiff of his or her opportunity to oppose the motion on the merits. (*Avila v. Chua* (1997) 57 Cal.App.4th 860, 868 [67 Cal.Rptr.2d 373].) Others have concluded that mandatory relief under section 473, subdivision (b), is never available from a summary judgment, and that the only remedy is to seek discretionary relief. (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 149 [114 Cal.Rptr.2d 93].) Ambrose's argument fails under either theory. This is because, even if mandatory relief is available from a summary judgment that is analogous to a default, the facts in this case do not justify the analogy. Here, Ambrose's counsel submitted a timely, substantive response to the summary judgment motion. The response argued, without any reference to a need for further discovery or examination of the evidence by Ambrose's retained expert, that Michelin's motion for summary judgment was simply not supported by Michelin's separate statement of undisputed facts. Thus, unlike the plaintiff in *Avila v. Chua, supra,* 57 Cal.App.4th 860, Ambrose did get his "day in court." The trial court fully considered Ambrose's opposition,

---

[2] "[C]ounsel pointed to the stress admittedly attending modern legal practice as affording an acceptable excuse for neglect within the meaning of the Code of Civil Procedure. We cannot find the Legislature so intended." (*Garcia, supra,* 58 Cal.App.4th at p. 684.)

and granted Michelin's summary judgment motion on its merits. Thus, the trial court correctly ruled that Ambrose was not entitled to mandatory relief under section 473, subdivision (b).

### DISPOSITION

The trial court's ruling on both of the challenged motions is affirmed, as is the judgment. Michelin is awarded its costs on appeal.

Hollenhorst, J., and Gaut, J., concurred.