Filed 11/8/22 Greenberg v. Daunch CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| SHAWN LAKSMI GREENBERG, | C090051 |
| Plaintiff and Respondent, | (Super. Ct. No. FL15011924) |
| v. | |
| DAVID DAUNCH, | |
| Defendant and Appellant; | |
| SIERRA NEVADA REGIONAL DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

Appellant David Daunch appeals in propria persona from the trial court's April 2019 child support order and May 2019 order denying relief from said order. Daunch claims the trial court erred by, inter alia: (a) disregarding relevant statutes when calculating the amount of child support, (b) denying Daunch's motion for relief from the child support order, (c) failing to provide Daunch "neutral . . . guidance," and (d)

1

"prohibiting [Daunch] from completely answering" questions the trial court posed to him at the hearing on the motion for relief. We affirm, concluding the first claim is forfeited on appeal because Daunch has not demonstrated he raised it properly in the trial court, and the remaining claims lack merit.

FACTS AND PROCEDURAL HISTORY

In January 2019, Sierra Nevada Regional Department of Child Support Services (DCSS) filed in the trial court a motion, on Daunch's behalf, to modify a prior order that required Daunch to pay $430 monthly to Shawn Greenberg in support for their minor child.

DCSS explained that Daunch "request[ed] modification due to changes in employment and ability to work for health reasons." In an income and expense declaration filed in January 2019 under penalty of perjury, Daunch represented: (a) he had been unemployed "since [his] accident" a year earlier, (b) "public assistance," in the amount of $175 per month, was the only source of his monthly income in the last year, and (c) he had been using credit cards and loans to pay his expenses.

A hearing began on March 14, 2019.

The trial court and the parties addressed some procedural matters at the beginning of the hearing. "First off," the trial court said, "Mr. Daunch, you had filed a Request for Order . . . to compel Ms. Greenberg's deposition and Request for Production of Documents. . . . Did it resolve?" "It's not resolved," Daunch replied, "but . . . the documents . . . I have in essence support some of my conclusions and the time, effort and hassle is not worth it." "All right," the trial court responded, "[t]hen that Request for Order is dropped."

The next procedural matter was Daunch's motion to quash a subpoena served on a cabinetry business that Daunch occasionally did work for. The trial court addressed Daunch: "[Y]ou have filed on March 12th, a Motion to Quash the . . . subpoena . . . is that correct?" "Yes, Your Honor," Daunch answered.

2

The trial court observed there was no order shortening time for Daunch's motion to quash, and asked Daunch why he filed the motion "on such shortened time" (two days before the hearing). Daunch admitted there was no order shortening time, and provided an explanation why that was the case. The trial court then denied Daunch's motion to quash, explaining: "[Y]ou did not receive an order shortening time, so your motion itself is untimely. In addition, the date for production of the information has already passed and so the time in which to oppose it has also passed."

Those preliminary matters having been resolved, the contested evidentiary portion of the hearing commenced. According to the trial court, "[t]he primary issue . . . was [Daunch's] income during . . . calendar year 2018 and ongoing."

DCSS called as a witness the office manager for a custom cabinetry business, Cabinet Company, Incorporated (CCI), who testified that at different times between 2017 and 2018 Daunch worked either as an employee of or as a subcontractor for the business. The office manager also testified that while working as a subcontractor for the business, Daunch presented the business with copies of new W-9 forms, one in the name of Engram, Inc., Wood Skill and Company, and asked the office manager to use the new W-9 on his 1099 records that were being submitted for 2018. This meant that the income that Daunch received as a subcontractor for CCI was being reported under a corporation called Engram, Inc. The office manager also testified that "the day prior to" the evidentiary hearing, Daunch told her "that although she was subpoenaed to appear at trial, she did not need to attend."

After DCSS and Greenberg presented their evidence the trial court observed it was 4:30 pm, and it did "not want [Daunch] to have to rush through [his] response" to DCSS and Greenberg. "I believe . . . this is . . . going to go to another day," the trial court said to Daunch. "So that your testimony is not divided in half . . . the [c]ourt would like to set the second day and set the testimony to begin then." The trial court continued the evidentiary hearing to April 4, 2019.

3

The trial court and the parties then discussed some logistical matters, including Daunch's exhibits that were "not in proper filing format," according to the trial court.

The trial court explained to Daunch: "You can't have it both on the left and the right of a single folder. They need to be individual and numbered or at least in categories. My clerk will return your folder to you and you can put them in the proper filing format for April." Later, the trial court explained Daunch could prepare his exhibits "similar to how Ms. Greenberg did her[ ] [exhibits]. She put the exhibit list on the front and made it all one document in the proper order . . . ." The trial court ordered Daunch to provide copies of the "properly formatted exhibit list" to DCSS and Greenberg by March 28.

Daunch failed to appear on April 4, 2019, and failed to inform the trial court that he would not be present. The trial court took the matter under submission on the evidence presented.

In a written ruling issued on April 5, 2019, the trial court ordered Daunch to pay $458 in monthly child support. The trial court found DCSS's witness "exceptional," and explained that her testimony, along with supporting business records, "directly contradict[ed] . . . Daunch's statements under penalty of perjury that he last worked on [January 27, 2018]." The trial court also explained that Daunch's monthly "earned wages . . . self-employment income . . . and the public benefits" each were factors in the trial court's new child support order.

Also in that ruling, the trial court declared its intention to "refer th[e] matter to the District Attorney's Office to determine if they wish[ed] to prosecute [Daunch] for witness tampering and/or perjury."

Following the issuance of the trial court's written ruling, Daunch filed a request to continue the April 4 hearing. His request indicated that he had missed the April 4 hearing date because he had been hospitalized. The trial court denied this request on April 15.

4

Daunch filed a pleading labeled "Motion to Reconsider Default Ruling on Submitted Matter of 4/15/19 for Responent's [*sic*] Request to Modify Child Support Filed 12/18/18," wherein he invoked Code of Civil Procedure sections 1008, subdivision (a)[1] (motion to reconsider based upon new or different facts, circumstances, or law) and 473, subdivision (b) (relief from an order due to mistake, inadvertence, surprise, or excusable neglect), and asked the trial court to "order the [e]evidentiary [h]earing to continue as originally planned." In his memorandum of points and authorities, Daunch argued "a medical emergency occurred" while he was "en route" to the second day of the evidentiary hearing, and he had tried to inform the trial court of the emergency. Daunch submitted a 14-page declaration in support. The trial court set the matter for hearing on May 23, 2019.

The trial court denied relief at the May 2019 hearing, indicating it denied relief under section 1008, subdivision (a), because Daunch's motion introduced "new facts" about a *procedural* issue (his failure to appear), whereas the principle of "new facts or new law not available at the time of the hearing" contemplated in section 1008 is concerned with the *merits* of the matter; and denied relief under section 473, subdivision (b), because there was "no mistake, no inadvertence, and no excusable neglect," as Daunch's "statements [we]re disingenuous . . . and [the trial court was] very concerned that [Daunch was] gaming the system."

Daunch appealed.[2]

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] This appeal was filed on July 24, 2019. Subsequently, Daunch requested and was granted 13 extensions of time to file his opening brief. The case was fully briefed on July 14, 2022, and was assigned to this panel on July 25, 2022. One note about the notice of appeal: Daunch designated the order issued at the May 23, 2019 hearing as the order he was appealing from. In his opening brief he indicates he is appealing from the

5

DISCUSSION

Daunch is proceeding in propria persona. His pleadings and papers should thus be liberally construed in order to assure he receives a hearing on the merits. (See *People v. Reyes* (1969) 273 Cal.App.2d 769, 770; *People v. Mitchell* (1962) 209 Cal.App.2d 312, 315.) But a party proceeding in propria persona is entitled "to no greater privilege or advantage than that given to one represented by counsel." (*Deauville v. Hall* (1961) 188 Cal.App.2d 535, 547.) "[I]in electing to represent himself 'he assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel.' " (*Ibid.*) Thus, although the court will liberally construe an appellant's pleadings and papers, it cannot excuse a failure of pleading or argument.[3]

*A. Calculation of Child Support*

Daunch argues the trial court "disregarded statute when calculating support." Specifically, Daunch contends the trial court improperly considered "public food assistance" he was receiving "in direct contradiction of" Family Code section 4058, subdivision (c),[4] and improperly calculated his "gross receipts" from his business "without . . . considering . . . expenditures required for . . . operation of the business."

Daunch did not raise these contentions either at the evidentiary hearing or in his memorandum of points and authorities in support of his motion to reconsider. Daunch's

---

May 23, 2019 order and the order issued on April 5, 2019. We will address both of these orders in this appeal.

[3] Respondents did not file briefs.

[4] Family Code section 4058, subdivision (c) excludes "income derived from any public assistance program, eligibility for which is based on a determination of need" from the "annual gross income" of a parent when a trial court considers child support calculations.

6

declaration in support of his motion to reconsider alludes to these contentions. But fairness dictates all arguments must be presented in the memorandum of points and authorities. A memorandum of points and authorities "must contain a statement of facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced." (Cal. Rules of Court, rule 3.1113(b).) A trial court may decline to consider an argument that does not comply with rule 3.1113. (*Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 932-933; *Black v. Financial Freedom Senior Funding Corp.* (2001) 92 Cal.App.4th 917, 925, fn. 9.) Here, the trial court had discretion to ignore arguments that Daunch did not properly present in his memorandum of points and authorities in support of his motion to reconsider. " 'For better or worse, California child support law now resembles determinate sentencing in the criminal law: The actual calculation required of the trial judge has been made so complicated [citation] that, to conserve judicial resources, any errors must be brought to the trial court's attention at the trial level while the [theoretical] error can still be expeditiously corrected. [Citation.]' " (*In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 37.)

Because Daunch has not demonstrated he properly raised these contentions to the trial court, they are forfeited on appeal.

### B. Failure to Provide Daunch Guidance

Daunch argues the trial court "abused its discretion in disregarding it's [*sic*] role and responsibility to . . . afford the litigant accurate neutral non-prejudicial guidance that would lead to a fair trial." In support, Daunch invokes a canon of judicial ethics concerning a party's " 'full right to be heard' " and cites out-of-state cases directing courts to be "lenient" and "solicitous" of self-represented litigants.

Nothing in the record suggests the trial court failed to afford Daunch a fair hearing on the merits of either the motion to modify child support or the motion for relief from the trial court's April 2019 ruling. Rather, the record reflects the trial court considered all

7

evidence properly before it when it ordered Daunch to pay $458 in monthly child support, and denied the motion for relief from that ruling after determining Daunch was "disingenuous" about his failure to appear.

Daunch argues the trial court erred by "prohibit[ing] him from completely answering the questions" posed to him at the hearing on the motion for relief from the April 2019 ruling. But our reading of the transcript of that hearing reflects nothing of the sort. The trial court gave Daunch ample opportunity to make arguments *germane to the pending motion* when it was his turn to speak.

On one occasion during the hearing, when counsel for DCSS was speaking, the trial court twice told Daunch it was not his turn to speak. At another juncture, after Daunch articulated his "objections to [counsel for DCSS's] characterization" (in what appears as a five-paragraph monologue in the reporter's transcript), the trial court interjected: "Let me stop you. Again, you are going to the merits of the motion to modify and what your income was. We are focusing on whether or not your grounds for the motion of . . . excusable neglect are sufficient to set aside my ruling and to allow a reopening of the evidence." On this record we do not agree that the trial court did not afford Daunch full and fair opportunity to make his arguments.

*C. Motion to Reconsider*

Daunch contends the trial court abused its discretion by denying his motion for relief from the April 2019 ruling because he had " 'new facts' . . . the [c]ourt had not yet heard," and demonstrated he was unable to attend the second day of the evidentiary hearing due to "excusable neglect." We disagree.

The trial court properly denied relief under section 1008, subdivision (a), as Daunch's "new facts" concerned a *procedural* matter (Daunch's failure to appear) not the underlying merits of the child support order. (Cf. *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 [rejecting an "interpretation of section 1008 that a 'new' or

8

'different' fact or circumstance wholly *collateral* to the merits of the" underlying matter "is sufficient to warrant reconsideration"].)

The trial court did not abuse its discretion in denying relief under section 473, subdivision (b), after finding Daunch "disingenuous" regarding his failure to appear. (Cf. *Ambrose v. Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1354-1355 [" 'Excusable neglect' " for purposes of § 473, subd. (b) is error " ' " 'a reasonably prudent person under the same or similar circumstances might have made' " ' " (italics omitted)].)

### D. Miscellaneous Arguments

Daunch's remaining arguments of trial court error that arguably are properly presented (regarding a motion to compel, a subpoena duces tecum, and "instructions" the trial court provided to him concerning exhibits for the evidentiary hearing) all lack merit.

The trial court did not "neglect[ ] to address" Daunch's motion to compel Greenberg to provide documents. When the trial court asked Daunch about that motion at the beginning of the March 14 hearing, Daunch said "the time, effort and hassle [wa]s not worth it." "All right," the trial court responded, "[t]hen that Request for Order is dropped."

The trial court did not abuse its discretion by denying Daunch's motion to quash the subpoena of documents possessed by the nonparty cabinetry business. The trial court explained it denied that motion, in part, because "the date for production of the information ha[d] already passed and so the time in which to oppose it . . . passed." That was a straightforward application of the language of section 1985.3, subdivision (g), which contemplates a motion to quash a subpoena duces tecum "prior to the date for production." (See § 1985.3, subd. (g).)

Daunch suggests exhibits he brought to the March 14 hearing are not part of the trial court record because the trial court "gave incomplete instructions" to him regarding

the proper format for those exhibits. Not so. The trial court's instructions were clear. The exhibits are not in the record because Daunch did not appear (with the properly formatted exhibits) on the second day of the hearing.

DISPOSITION

The judgment (order) is affirmed.


      /s/
_____
EARL, J.

We concur:


      /s/
_____
HULL, Acting P. J.


      /s/
_____
KRAUSE, J.